IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHEYENNE ADAMS, JAMES ADAMS, WENDY ADAMS,<br>*Plaintiffs* | § § § § | |
| | § | SA-23-CV-01437-XR |
| -vs- | § § | |
| ZACHRY INDUSTRIAL, INC.,<br>*Defendant* | § § § | |

# ORDER

On this date, the Court considered Plaintiffs' motion to remand (ECF No. 8), Plaintiffs' memorandum in support of their motion to remand (ECF No. 8-1), and Defendant's response (ECF No. 9). After careful consideration, Plaintiffs' motion to remand (ECF No. 8) is **DENIED**.

## BACKGROUND

This case arises out of the death of Zander Adams. On or about August 15, 2023, Mr. Adams "suffered catastrophic injuries and died as a result of Zachry's negligence, gross negligence, and dangerous conditions." ECF No. 1-1 ¶ 11. At the time, Plaintiffs allege that Mr. Adams was working on a welding job near a paper machine at Defendant's containerboard mill in Mansfield, Louisiana. *Id.* ¶ 12. According to Plaintiffs, Defendant allegedly "failed to take safety precautions, failed to ensure all equipment was isolated and grounded, and proceeded with the work despite the extreme risks." *Id.* ¶ 13. Thereafter, Mr. Adams was allegedly electrocuted and subsequently passed away. *Id.* ¶ 14.

On November 13, 2023, Plaintiffs filed their original petition against Defendant in the 57th Judicial District Court for Bexar County, Texas, alleging claims for negligence, gross negligence, and premises liability. *See generally id.* That same day, prior to being properly joined and served,

Defendant filed its Notice of Removal with this Court, removing the case from state court to federal court. *See* ECF No. 1. Thereafter, Plaintiffs filed a motion to remand this case as improperly removed by Defendant. ECF No. 8. In their motion and accompanying memorandum, Plaintiffs contend that Defendant's removal was improper as contrary to the forum-defendant rule, 28 U.S.C. § 1441(b)(2). *See* ECF Nos. 8, 8-1. Defendant, however, opposes remand, asserting "snap removal" by a forum defendant is proper where a forum defendant has yet to be properly joined and served. ECF No. 9 at 1–2.

## DISCUSSION

### I.     Legal Standard

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional

facts that support removal must be judged at the time of removal."); *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal").

## II.     Analysis

28 U.S.C. § 1441(b)(2) states "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Generally, this provision prevents removal of cases otherwise justiciable in federal court by defendants who are citizens of the forum state. However, there is one major exception to this general rule, typically referred to as "snap removal." Through snap removal, a forum defendant can remove a case from state court to federal court prior to that defendant being "properly joined and served." *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *see also Raven Cap. Grp., LLC v. CH CRP 26 LLC*, No. SA-21-CV-00059-XR, 2021 WL 1432699, at *2 (W.D. Tex. Feb. 12, 2021). Importantly, "the forum-defendant rule is a procedural rule and not a jurisdictional one." *Texas Brine*, 955 F.3d at 485.

The question posed here is whether Defendant, as a citizen of the state of Texas, could properly remove this case to federal court prior to being served in state court.[1] According to Plaintiffs, Defendant's removal was improper under the forum defendant rule, 28 U.S.C. § 1441(b)(2). ECF No. 8-1 at 2. Plaintiffs contend that allowing a forum defendant to remove a state court case in this posture is improper because doing so "would violate the purpose and

---

[1] There is no doubt that this Court has subject matter jurisdiction here because the Plaintiffs and Defendant are diverse and the amount in controversy exceeds $75,000. *See* ECF No. 1. Plaintiffs are citizens of the state of Louisiana. ECF No. 1-1 ¶¶ 3–5. Defendant is a corporation incorporated under the laws of Texas that has its principal place of business in Texas. As such, Defendant is a citizen of the state of Texas. ECF No. 1. Further, by the terms of their original petition, Plaintiffs "seek monetary relief over $1,000,000," meeting the amount in controversy requirement for diversity jurisdiction. ECF No. 1-1 ¶ 23. Accordingly, the Court properly has diversity jurisdiction under 28 U.S.C. § 1332.

congressional intent underpinning the forum defendant rule" and would yield "an absurd result." *Id.* Further, Plaintiffs point out that the Fifth Circuit decision regularly relied upon in allowing snap removal, *Texas Brine*, 955 F.3d at 487, addressed snap removal by a non-forum defendant, not a forum defendant. ECF No. 8-1 at 5.

In response, Defendant argues that the unambiguous text of 28 U.S.C. § 1441(b)(2) permits removal by a forum defendant prior to service. ECF No. 9 at 3–4. Moreover, Defendant points out that both this Court as well as many other district courts in the Fifth Circuit have repeatedly held snap removal by a forum defendant is proper. *See* ECF No. 9 at 6 (citing among others *Raven Capital Grp., LLC v. CH CRP 26 LLC*, No. SA-21- CV-00059-XR, 2021 WL 1432699, at *3 (W.D. Tex. Feb. 12, 2021); then *Baskinski v. Keller Williams Realty, Inc.*, No. 1:23-CV-299-DAE, 2023 WL 4985722, at *2, 4 (W.D. Tex. June 8, 2023) (Ezra, J.); and then *Midwest Health Grp., LLC v. eMDS, Inc.*, No. 1:20-CV, 853-LY, 2020 WL 6580446, at *2–3 (W.D. Tex. Nov. 10, 2020) (Hightower, M.J.)).

Here, while Plaintiffs are correct that *Texas Brine* addressed snap removal by a non-forum defendant prior to service of forum defendants, the plain language of § 1441(b)(2) permits snap removal by a forum defendant prior to service of the state petition. *See Texas Brine*, 955 F.3d at 486; *BKL Holdings, Inc. v. Globe Life Inc.*, No. 4:22-CV-00170, 2022 WL 2119116, at *4 (E.D. Tex. June 13, 2022). Though Plaintiffs contend that removal in such a situation would amount to an absurdity—"an absurdity is not mere oddity." *Texas Brine*, 955 F.3d at 486. And the absurdity bar is a high one. *Id.* While there are district court decisions limiting snap removal to non-forum defendants, *see Laipply v. Laipply*, No. CV SA-20-CA-0225-FB, 2020 WL 10054502, at *2 (W.D. Tex. May 31, 2020), the great weight of authority holds that the reasoning of *Texas Brine* permits

4

snap removal by forum defendants, *see Basinski*, 2023 WL 4985722, at *2. Accordingly, this Court follows the teachings of the latter.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand (ECF No. 8) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 16th day of January, 2024.

                                                        XAVIER RODRIGUEZ
                                                       UNITED STATES DISTRICT JUDGE