## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CHEYANNE ADAMS, JAMES ADAMS, and WENDY ADAMS** | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | **Case No. SA-5:23-CV-01437-XR** |
| **ZACHRY INDUSTRIAL, INC.** | § § | |
| *Defendant*. | § § | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW Cheyanne Adams, James Adams, and Wendy Adams ("Plaintiffs") who file this First Amended Complaint complaining of Zachry Industrial, Inc., International Paper Company, United Rentals, Inc., United Rentals (North America), Inc., Miller Electric Manufacturing, LLC, and Illinois Tool Works Inc. ("Defendants") and would respectfully show the Court the following:

### I.

### NATURE OF THE CASE

1.    Plaintiffs bring this wrongful death and survival action against Defendants for negligence, gross negligence, premises liability, and products liability which resulted in the death of Zander Adams ("Decedent") on August 15, 2023.

### II.

### PARTIES

2.      Plaintiff Cheyanne Adams is the wife of Zander Adams and a resident of Louisiana.

3.      Plaintiff James Adams is the biological father of Zander Adams and a resident of Louisiana.

4.      Plaintiff Wendy Adams is the biological mother of Zander Adams and a resident of Louisiana.

5.      Defendant Zachry Industrial, Inc. ("Zachry") is a domestic corporation headquartered in Texas. This Defendant has appeared and answered and may be served with process through its counsel of record: Bradley A. Waters & Kyle C. Steingreaber, Adams and Reese LLP, LyondellBasell Tower, 1221 McKinney, Suite 4400, Houston, Texas 77010.

6.      Defendant International Paper Company ("International Paper") is a corporation that conducts a substantial amount of business in Texas and is registered to do business in Texas. This defendant may be served with process through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA.

7.      Defendant United Rentals, Inc. is a corporation that conducts a substantial amount of business in Texas and is registered to do business in Texas. This defendant may be served with process through its registered agent for service of process: Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218 USA.

8.      Defendant United Rentals (North America), Inc. is a corporation that conducts a substantial amount of business in Texas and is registered to do business in Texas. This defendant may be served with process through its registered agent for service of process:

Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218 USA.

9.    Defendant Miller Electric Manufacturing, LLC is a company that conducts a substantial amount of business in Texas and is registered to do business in Texas. This defendant may be service with process through its registered agent for services of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA.

10.    Defendant Illinois Tool Works Inc. is a corporation that conducts a substantial amount of business in Texas and is registered to do business in Texas. This defendant may be served with process through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA.

**III.**

**JURISDICTION AND VENUE**

11.    This Court does not have subject matter jurisdiction as the claims asserted arise under Texas law and removal was barred under the forum-defendant rule. Additionally, Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Court.

12.    Pursuant to the forum defendant rule, this case was not removable because Defendant Zachry Industrial, Inc. is a citizen of Texas with its principal place of business in Texas. 28 U.S.C. § 1441(b), § 1332(c).

13.    Texas courts may exercise personal jurisdiction over the defendants because they have the requisite minimum contacts with the State to maintain jurisdiction.

**V.**

**FACTS**

14.     On or about August 15, 2023, Zander Adams suffered catastrophic injuries and died as result of the Defendants' negligence, gross negligence, dangerous conditions, and unreasonably dangerous products. Due to the tragic death of Zander Adams, Plaintiffs have suffered life-altering damages, including both pecuniary and non-economic losses.

15.     Zachry personnel were working at International Paper's containerboard mill in Mansfield, Louisiana on August 15, 2023. While working, the personnel were using welding products that were designed, manufactured, labeled, sold, or otherwise provided by United Rentals, Inc., United Rentals (North America), Inc., Miller Electric Manufacturing, LLC, and Illinois Tool Works Inc. ("Product Defendants"). Zachry was conducting work in the area near paper machine #1. Decedent was tasked with a welding job on a pipe rack. Decedent was using the Product Defendants' welding product at the time of the incident.

16.     Zachry and International Paper failed to take safety precautions, failed to ensure all equipment was isolated and grounded, and proceeded with the work despite the extreme risks. Zachry and International Paper created dangerous conditions that directly harmed Plaintiffs. The Product Defendants failed to design and sell a welding product that was reasonably safe for use to complete the welding job. The design of the product failed to mitigate or eliminate the risk of electrocution. Moreover, the Product Defendants failed to provide any adequate warnings or instructions about the risk of electrocution or how to avoid electrocution while working with the product.

17.     The Defendants' conscious indifference to Decedent's safety resulted in Decedent being horrifically electrocuted. Decedent was rushed to a nearby hospital, was

transferred to another hospital, and ultimately passed away. Plaintiffs have suffered and will continue to suffer unimaginable losses due to Defendants' reckless conduct.

## VI.

## CAUSES OF ACTION

**A.      *Negligence and Gross Negligence* (against all defendants)**

18.      Plaintiffs repeat and reallege each allegation contained above.

19.      Defendants committed negligent and grossly negligent acts and omissions, including the following:

   a.      failure to properly train their employees;

   b.      failure to provide adequate equipment;

   c.      failure to inspect equipment;

   d.      failure to inspect hazards in the unit;

   e.      failure to maintain equipment;

   f.      failure to isolate equipment;

   g.      failure to ground equipment;

   h.      failure to provide proper instructions;

   i.      failure to properly supervise their employees;

   j.      failure to conduct adequate maintenance;

   k.      failure to maintain a safe work environment;

   l.      failure to properly supervise work being performed;

   m.      failure to provide adequate warning to Decedent of dangerous conditions;

   n.      failure to inform Decedent of the defective nature of the condition;

5

o.    failure to properly inspect the premises;

p.    failure to provide adequate medical treatment;

q.    failure to respond to the emergency;

r.    failure to implement adequate safety policies and procedures;

s.    failure to ensure their safety systems were adequate and functional;

t.    violations of applicable rules, regulations, and standards;

u.    vicariously liable for the acts and omissions of their employees and agents;

v.    failure to design products that are reasonably safe for use;

w.    failure to provide adequate warnings with products to make them reasonably safe for use;

x.    failure to provide adequate instructions with products to make them reasonably safe for use; and

y.    other acts deemed negligent and grossly negligent.

20.    As a direct and proximate result of Defendants' conduct, Decedent sustained severe injuries to his body, which resulted in physical pain, suffering, discomfort, impairment, mental anguish, distress, and death. Plaintiffs have suffered and will continue to suffer pecuniary and non-economic losses as a result of Decedent's death.

21.    In addition, Plaintiffs are entitled to exemplary or punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard for Decedent's and others' health and safety. Defendants were objectively aware of the extreme risk posed by the conditions which caused Decedent's or Plaintiffs' injuries, harm, and death but did nothing to rectify them. Defendants' acts and

omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Decedent, Plaintiffs, and others. Defendants had actual, subjective awareness of the risk and consciously disregarded the risk. Accordingly, Plaintiffs are entitled to and seek exemplary damages.

        **B.**     ***Premises Liability*** (against Zachry and International Paper)

22.     Plaintiffs repeat and reallege each allegation contained above.

23.     Defendants occupied and/or controlled the area where Decedent was injured and killed. The condition of the area where Decedent was injured and killed posed an unreasonable risk of harm, and Defendants had actual knowledge or reasonably should have known of the unreasonably dangerous condition. Moreover, Decedent did not have actual knowledge of the unreasonably dangerous condition.

24.     Decedent was an invitee who entered the premises with Defendants' knowledge and for Defendants' benefit. Defendants had a duty to either warn Decedent of this unreasonably dangerous condition or make the unreasonably dangerous condition reasonably safe. Defendants breached this duty by failing to warn Decedent of this known unreasonably dangerous condition and by failing to make the unreasonably dangerous condition reasonably safe.

25.     Defendants' breaches proximately caused Decedent's injuries and death and the resulting damages incurred by Plaintiffs.

        **C.**     ***Products Liability: Strict Liability & Negligent Failure to Warn*** (against United Rentals, Inc., United Rentals (North America), Inc., Miller Electric Manufacturing, LLC, and Illinois Tool Works Inc.)

26.     Plaintiffs repeat and reallege each allegation contained above.

27. Defendants knew, foresaw, or should have known of or foreseen the risk of the product without adequate safety mechanisms or devices.

28. Defendants failed to adequately warn Mr. Adams of the risks, failed to instruct Mr. Adams of the aforementioned risk and failed to adequately instruct Mr. Adams how to avoid the dangers. Specifically, the Defendants provided no warnings about the dangers of the product or the lack of adequate safety mechanisms or devices.

29. Defendants' failure to warn was the producing, proximate, and contributing cause of Mr. Berrios's and Plaintiffs' injuries.

      ***D.***    ***Products Liability: Strict Liability & Negligent Failure to Warn*** (against United Rentals, Inc., United Rentals (North America), Inc., Miller Electric Manufacturing, LLC, and Illinois Tool Works Inc.)

30. Plaintiffs repeat and reallege each allegation contained above.

31. The products were designed, manufactured, distributed, or sold with one or more design defects.

32. The products were unreasonably dangerous and safer alternative designs existed that Defendants either know of or should have known of.

33. Safer alternative designs would have prevented or significantly reduced the risks without substantially impairing the product's utility. A safer alternative could have been designed, sold, and installed that prevented the products from electrocuting the user.

34. The safer alternative design was economically and technologically feasible at the time the equipment left the control of Defendants.

35. The design defects rendered the machine unreasonably dangerous.

36. The machine's defective design was the producing, proximate, and contributing cause of Mr. Adams' and Plaintiffs' injuries.

E.    ***Products Liability: Manufacturing Defect*** (against United Rentals, Inc., United Rentals (North America), Inc., Miller Electric Manufacturing, LLC, and Illinois Tool Works Inc.)

37.    Plaintiffs repeat and reallege each allegation contained above.

38.    Defendants manufactured the products as set forth above. At the time of manufacture, the machine deviated, in its construction and quality, from the specifications or planned output in a manner that renders the machine unreasonably dangerous.

39.    When the machine left the control of Defendants, the products had been manufactured defectively and contained a manufacturing defect.

40.    The manufacturing defect in the products was the producing, proximate, and contributing cause of Mr. Berrios's and Plaintiffs' injuries.

## VII.

### DAMAGES

41.    Plaintiffs state that they seek monetary relief over $1,000,000. As a result of Defendants' negligence, gross negligence, premises liability, and defective products, Plaintiffs have suffered and seek recovery for their damages, including the following:

a.  Compensatory damages;

b.  Actual damages;

c.  Consequential damages;

d.  Exemplary damages;

e.  Past and future pain and suffering;

f.  Past and future mental anguish;

g.  Pecuniary losses;

h.  Loss of companionship and support;

      i.   Loss of household services;

      j.   Medical expenses;

      k.   Funeral expenses;

      l.   Pre-judgment interest;

      m.  Post-judgment interest;

      n.   Costs of court;

      o.   All other relief to which Plaintiffs are justly entitled.

42.    As a proximate result of Defendants' negligent acts and omissions, premises defects, and product defects, Decedent was caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, pain, suffering, and mental anguish, and other medical damages that culminated in his wrongful death.

43.    As a result of Decedent's injuries and death, Decedent's wife and parents have suffered and will continue to suffer a permanent loss of support and services for which they are entitled to recover. *See* TEX. CIV. PRAC. & REM. CODE § 71.004. As wrongful death beneficiaries, Plaintiffs seek to recover the following elements of damages resulting from the death of Zander Adams:

      a.   Pecuniary loss in the past and future, including but not limited to the loss of care, maintenance, guidance, nurture, support, services, advice, counsel, inheritance, and reasonable contributions of pecuniary value;

      b.   Loss of companionship and society in the past and future, including but not limited to the loss of positive benefits from the love, comfort, companionship, and society that would have been received from Zander Adams had he lived;

     c.     Past and future loss of household services;

     d.     Mental anguish in the past and future, including but not limited to the emotional pain, torment, and suffering experienced in the past, and to be experienced in the future, because of the death of Zander Adams;

     e.     Any other forms of damages available to wrongful death beneficiaries.

44.     Plaintiffs also bring a survival action as the heirs and representatives of Zander Adams. *See* Tex. Civ. Prac. & Rem. Code § 71.021. Plaintiffs seek to recover the following elements of survival damages:

     a.     Past and future pain and mental anguish, including the conscious physical and emotional pain, torment, and suffering experienced by Decedent before his death;

     b.     Medical expenses;

     c.     Funeral expenses;

     d.     And all other damages they are entitled to by law.

45.     Plaintiffs and Decedent have sustained substantial and irreparable harm as a direct and proximate result of Defendants' conduct. Plaintiffs seek relief in the form of all damages available under law.

## VIII.

### Jury Trial Demand

46.     Plaintiffs hereby demand a trial by jury on all claims.

## IX.

### Prayer

47.     Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

**Respectfully submitted,**

**ARNOLD & ITKIN LLP**

*/s/ Kurt B. Arnold*
Kurt B. Arnold
Fed ID No. 36185
Texas Bar No. 24036150
karnold@arnolditkin.com
J. Kyle Findley
Attorney-in-Charge
Fed ID No. 1322711
Texas Bar No. 24076382
kfindley@arnolditkin.com
John G. Grinnan
Fed ID No. 2339210
Texas Bar No. 24087633
jgrinnan@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF CONFERENCE</u>

Plaintiffs conferred with counsel for Defendant Zachry Industrial, Inc. prior to the filing of this amended complaint. Counsel for Defendant Zachry Industrial, Inc. consented in writing on February 5, 2024 and February 20, 2024 to Plaintiffs amending their complaint to join the additional defendants named herein. Plaintiff, therefore, files this amended complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure.

*/s/ John Grinnan*
John Grinnan

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Civil Procedure on this 27th day of February, 2024.

*/s/ Kurt Arnold*
Kurt Arnold